**UNITED STATES, Appellant,**

v.

**David Joseph KUELKER, Jr., 492 72 0349, Fireman Apprentice (E–2) U.S. Navy, Appellee.**

Misc. Dkt. No. 85–06.

U.S. Navy-Marine Corps Court of Military Review.

Decided 17 May 1985.

LT Steven P. Benson, JAGC, USNR, Appellate Government Counsel.

MAJ Michael E. Canode, USMC, Appellate Defense Counsel.

LT Gary K. Van Meter, JAGC, USNR, Appellate Defense Counsel.

Before GORMLEY, C.J., and KERCHEVAL and RAPP, JJ.

PER CURIAM.

This case is before us on appeal by the Government. The military judge granted appellee's motion to dismiss on the ground that appellee had not been brought to trial within the 120-day period specified by R.C.M. 707(a). The Government has asserted that the military judge erred as a matter of law by failing to recognize that the delay in obtaining essential items of evidence in the custody of the United States Treasury Department constituted "delay for good cause," R.C.M. 707(c)(8), which was required to be excluded in determining the period of accountability governed by R.C.M. 707(a).

In brief, the facts show that the charges were originally preferred and referred to special court-martial on 20 September 1984. The appellee was notified of the preferred charges on that date. On 25 September the trial counsel executed a subpoena to the Director of the Division of Check Claims, U.S. Treasury Department, to obtain U.S. Treasury checks allegedly forged by the appellee. These checks were received in the cognizant Naval Investigative Service Office on 20 December 1984 and by the convening authority's staff judge advocate on 3 January 1985. On 15 January 1985 the convening authority withdrew the charges, which were repreferred and rereferred (with corrections and additions) to special court-martial on 18 January 1985. The trial's initial Article 39(a), Uniform

Code of Military Justice (UCMJ), 10 U.S.C. § 839(a), session was held on 27 February 1985, and the military judge then dismissed the charges. No delay in the proceeding appears attributable to the appellee. The record contains no indication that restraint was imposed on the appellee prior to trial.

Considering our jurisdictional limitations in cases of this nature, Article 62(b), 10 U.S.C. § 862(b), UCMJ, we have determined that this case raises questions of law, so that we may properly intervene. *See United States v. O'Brien*, 22 U.S.C. M.A. 557, 48 C.M.R. 42 (1973), *United States v. Boehm*, 17 U.S.C.M.A. 530, 38 C.M.R. 328 (1968).

We note at the outset that our task requires construction of a relatively new procedural requirement which involves a significant departure from past military law. Reliance upon earlier military case law is, therefore, perilous. The applicable Discussion and Analysis for R.C.M. 707 provide only limited assistance. We can, however, discern the intent of the drafters to eliminate (as much as possible) the need for balancing a host of competing factors by establishing a specific time limit ameliorated by a broad spectrum of exclusions. Thus, the Government must commence an accused's trial within the time limit or establish that one or more exclusions is applicable; other considerations are irrelevant.

Although the military judge in his findings related to the motion did not specifically refer to the period between dispatch of a subpoena and receipt of the requested treasury checks or evaluate the period in the context of the exceptions listed in R.C.M. 707(c), we can infer that he considered these matters, since they were prominent in the brief submitted by the trial counsel, and we can also presume that the military judge knew the law and applied it. *United States v. Montgomery*, 20 U.S.C.M.A. 35, 42 C.M.R. 227 (1970). In the future, however, to facilitate appellate review we urge the military judge to be more precise in listing his findings and to set forth the legal basis for his decision.

We see no need for extensive discussion of our rationale. In the absence of pretrial restraint of appellee, the 120-day period began when he was notified of the preferral of the charges. A period of 160 days elapsed between notice of preferral and the commencement of trial. Because the appellee was recharged with essentially the same offenses by the repreferral and rereferral of 18 January 1985, the 117 days between notification of the appellee and withdrawal of the charges must be included in calculating the 120-day period of R.C.M. 707(a). *See United States v. Rodriguez-Restrepo*, 680 F.2d 920 (2nd Cir.1982); *United States v. Arkus*, 675 F.2d 245 (9th Cir.1982). Allowing the Government to restart the "speedy trial clock" under such circumstances would grant a license for improper manipulation which could rob R.C.M. 707(a) of its effectiveness. Adding the 40 days from 18 January to 27 February 1985, the accountable period is 157 days. The appellee has asserted no prejudice other than unsubstantiated matters contained in the trial defense counsel's written Motion to Dismiss, but on its face, R.C.M. 707 requires no establishment of prejudice beyond expiration of the specified time period. The Government insists that the time consumed in obtaining the treasury checks by subpoena is excludable under R.C.M. 707(c)(8). The nature of the "delay for good cause" listed in that Rule is well-defined by the illustrations provided therein, i.e., "*'unusual'* operational requirements and military *exigencies*" (emphasis added). The plain meaning of these terms is an extraordinary situation, rather than the normal difficulties encountered by the Government in preparing for trial. A lesser standard could allow the exception to devour the rule. We find that the need to obtain crucial evidence in the custody of another agency of the United States is a common problem and therefore associated delay does not qualify for exclusion from the 120-day rule as a "delay for good cause." No other exclusion under R.C.M. 707(c) is applicable, based on the record before us. Although the Government has urged us to consider the critical nature of

the treasury checks sought by the trial counsel's subpoena, the record contains no indication that the Government attempted to invoke the relevant mechanism in R.C.M. 707(c)(5) to gain a continuance excluded from the 120-day limit.

Accordingly, we find that the delay in bringing appellee to trial exceeded the 120-day limit specified in R.C.M. 707(a) and that no exclusion in R.C.M. 707(b) is applicable to reduce that delay. Accordingly, the appellant's motion to reverse the ruling of the military judge is denied.