**UNITED STATES**

v.

**Stephen R. GRAY, 538 80 6063, Private First Class (E-2), U.S. Marine Corps.**

**NMCM 85 4234.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 20 June 1985.

Decided 25 Feb. 1986.

LTCOL RICHARD E. OUELLETTE, USMC, Appellate Defense Counsel.

LTJG AARON SANTA ANNA, JAGC, USNR, Appellate Government Counsel.

Before MITCHELL, Senior Judge, and GLADIS and CASSEL, JJ.

MITCHELL, Senior Judge:

Appellant was tried by general court-martial, including enlisted members, during April, May, and June 1985. Contrary to his pleas, appellant was found guilty of assault with a means likely to produce death or grievous bodily harm under Uniform Code of Military Justice (UCMJ), Article 128, 10 U.S.C. § 928, and was sentenced to a bad conduct discharge, confinement at hard labor for four months, forfeiture of all pay and allowances for a period of four months and reduction to pay grade E-1. The convening authority approved the sentence as adjudged.

The record reflects that on 6 December 1984, at approximately 0100 hours, Private HOPSON was awakened by Lance Corporal MEIER, Private FARLEY, and the appellant, all of whom proceeded to brutally beat Private HOPSON by hitting him, kicking him in the back and kidney areas, hitting his head against his rack and burning his neck and forehead with cigarettes. The appellant then held Private HOPSON as Lance Corporal MEIER graced Private HOPSON's cuts, burns and eyes with snuff.

Appellant complains that the military judged erred in denying the defense motion to dismiss for lack of speedy trial. The appellant particularly cites as judge error the inclusion of the period of pretrial negotiations (nine days) and the time required for the Government to secure the detailing of a new trial team, once required to do so by the military judge, (six days) under the aegis of Rule for Courts-Martial (R.C.M.) 707(c)(5)(B), the exceptional circumstance exclusion, thereby bringing the Government's accountable time down to under 120 days. We reject the assignment and affirm.

The chronology of relevant events is as follows (Articles cited are to UCMJ):

| | |
|---|---|
| 6 December 1984 | Date of alleged offense. Accused placed in pretrial confinement. No charges preferred. |
| 13 December 1984 | R.C.M. 304 hearing conducted. |
| 31 December 1984 | Accused's immediate commanding officer conducts preliminary investigation. |
| 4 January 1985 | Accused released from pretrial restraint. |
| 15 February 1985 | Investigating Officer (Art. 32) appointed. Sworn charges received by regimental commander. |
| 19 February 1985 | Notification of the accused of preferral of charges. |

| Date | Event |
|---|---|
| 6 March 1985 | Accused retains civilian counsel. |
| 8 March 1985 | Article 32 investigation scheduled. Defense request for continuance granted. |
| 19 March 1985 | Article 32 investigation scheduled. Defense request for second continuance granted. |
| 28 March 1985 | Article 32 investigation conducted. |
| 23 April 1985 | Article 39(a) hearing conducted to arraign accused. Defense moved for continuance until 23 May 1985 (trial). Defense requested Article 39(a) session on 16 May. Defense asked for court order that it submit pretrial motions on 3 May and that government respond by 10 May. Government announces that it's ready for trial. |
| 16 May 1985 | Date requested for pretrial motions. Court considers defense motions to dismiss Specification 1 of Charge I; request for witnesses and motion for discovery. Accused requests additional time to file motions. |
| 20 May 1985 | Defense serves motion to dismiss charges based on government misconduct. |
| 22 May 1985 | Article 39(a) hearing conducted for receipt of evidence on defense motion. |
| 23–24 May 1985 | Hearing on defense motion continues. Military judge issues order disqualifying Legal Services Center lawyer personnel from further participation in case with limited exceptions. Former Government counsel delivers packets of evidentiary materials to civilian defense counsel. |
| 28 May 1985 | New trial counsel and assistant trial counsel detailed to case. |
| 29 May 1985 | Memorandum to record filed. Government declares readiness for trial. |
| 30 May 1985 | Article 39(a) hearing conducted to determine acceptability of new trial counsel. Defense files motion to dismiss for denial of speedy trial. |
| 31 May 1985 | Article 39(a) hearing conducted on defense motion to dismiss for denial of speedy trial. Government requests continuance to allow Major R. Leas, Head Trial Counsel to testify. Military judge continues hearing to 10 June 1985. |
| 10 June 1985 | Article 39(a) hearing continues. Military judge enters ruling on defense motion to dismiss for denial of speedy trial. Defense requests continuance to allow detailed defense counsel to represent accused upon civilian defense counsel's motion to withdraw. |
| 17 June 1985 | Trial begins. |

No demand for speedy trial was made by the appellant. In ruling upon the defense motion to dismiss for denial of speedy trial, the military judge held that the speedy trial clock began on 7 December 1984, and that total delay for speedy trial purposes, as of 10 June 1985, the date of the last defense continuance, was 186 days. The defense conceded responsibility for forty-one days of this delay. The military judge held the defense responsible for a total of 70 days, including the challenged periods. We need not assess the calculations of the military judge because he erred in starting the speedy trial clock on 7 December 1984.

R.C.M. 707(a) plainly provides that an accused shall be brought to trial within one hundred twenty days after notice to the accused of preferral of charges under R.C.M. 308 or after the imposition of pretrial restraint under R.C.M. 304, whichever occurs first. R.C.M. 707(b)(2), though awkward in its wording, provides that if a charge is dismissed, if a mistrial is granted, or—when no charge is pending—if the accused is released from pretrial restraint for a significant period of time, the time under Rule 707(a) shall run only from the date on which either the charge or the restraint is reinstituted. R.C.M. 707(b)(3) provides that for Rule 707 purposes, an accused is brought to trial when a guilty plea is entered as to any offense or presentation of evidence on the merits to the fact finder commences.

R.C.M. 707 is predicated upon *ABA Standards, Speedy Trial (1978)* (ABA Standard). MCM, 1984, App. 21, Analysis. It is similar to 18 U.S.C. § 3161 *et seq.* ABA Standard 12–2.2 provides that the time for trial should commence running from the date the charge is filed, except that if the defendant had been *continuously* held in custody or on bail or under recognizance until that date to answer for the crime, or a crime based on the same conduct or arising from the same criminal episode, then the time for trial should commence running from the date the defendant was held to answer. A filed charge means a written statement filed with a court which accuses a person of an offense and which is sufficient to support a prosecution. It may be an indictment, information, complaint or affidavit, depending on the circumstances and the law of the particular jurisdiction. *ABA Standards*, at § 12–2.2. The R.C.M. 707(b)(2) circumstance is treat-

ed as an exclusion from Government accountability under ABA Standard § 12–2.3. The military equivalent of the formal charge contemplated by ABA Standard 12–2.2 is, at a minimum, the preferral of a formal charge sheet. The ABA Standard contemplates continuing restraint until formal charges are filed or, absent restraint, the filing of a formal charge to start the speedy trial clock.

The same circumstance is found in 18 U.S.C. § 3161. *See United States v. Sanchez*, 722 F.2d 1501 (11th Cir.1984); *cert. denied* 467 U.S. 1208, 104 S.Ct. 2396, 81 L.Ed.2d 353 (1984); *United States v. Sayers*, 698 F.2d 1128 (11th Cir.1983). Under this federal act the speedy trial clock is triggered when an individual is "arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). Uniformly, the courts have defined "arrest" as that time when an individual is *formally* charged with an offense or when a formal *complaint is filed* alleging an offense. *See United States v. MacDonald*, 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982); *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *United States v. Sayers, supra; United States v. Jones*, 676 F.2d 327 (8th Cir.1982); *cert. denied*, 459 U.S. 832, 103 S.Ct. 71, 74 L.Ed.2d 71 (1982). This interpretation arises from the intent of Congress in the enactment of the statute. *See e.g. United States v. Jones*, 676 F.2d at 329.

> [T]he notion of the Speedy Trial Act is, that once the Government has made a charge and has placed a restraint upon a defendant, either physically or legally, by releasing him on bail or by filing a formal complaint, that it then takes on an obligation to proceed expeditiously to either process that charge or have it dismissed, *and that when that hasn't occurred—that is to say, when there has been no release on bail or no formal*

> *complaint—then there is nothing which the Act would logically have an interest in speeding along.*

*United States v. Sayers*, 698 F.2d at 1131 (emphasis added). This conclusion is further supported by consideration of the whole of the Speedy Trial Act. For example, no sanction is provided under 18 U.S.C. § 3162(a)(1) for delay in indictment unless a complaint has been filed. The foregoing decisions have equal application to the second aspect of 18 U.S.C. § 3161(b), *i.e.* when an individual is "served with a summons in connection with such charges." Moreover, Rule 4(a), Federal Rules of Criminal Procedure requires, as a condition prior to the issuance of a warrant or summons of arrest, the existence of a formalized complaint. The first stage of the civilian federal criminal procedure process at which the charges become "formalized" for Federal Speedy Trial Act purposes, therefore, is the issuance of the criminal complaint.

R.C.M. 707 sets up a similar, though not identical, scheme. When formal charges are not preferred and an accused is released from pretrial restraint for a significant period of time, the R.C.M. 707 speedy trial clock begins to run when the charges are instituted. To read the Rule otherwise is to create the anomaly that the dismissal of charges restarts the clock if there is no restraint at the time whereas release from restraint prior to the institution of charges does not. The awkward language of the Rule should not be permitted to destroy its obvious intent. R.C.M. 707(b)(2) cannot easily be limited to motion practice situations.[1]

Application of R.C.M. 707(b)(2) necessarily requires two preliminary determinations in the context of this case. First, no charges must have been pending at the time that the accused was released from pretrial restraint. Second, the period of

---

1. Care must be taken to distinguish between the *basing* of R.C.M. 707 on the ABA and Federal civilian procedure and the *adoption* of the identical procedure. *See e.g. United States v. Harbour*, No. 85 2703 (NMCMR 30 December 1985) and *United States v. Kuelker*, 20 M.J. 715 (N.M. C.M.R.1985) [where other panels of this Court have taken a view of R.C.M. 707 more consistent with the provisions of the ABA Standard and 18 U.S.C. § 3161 than the plain meaning of R.C.M. 707].

release from pretrial restraint must have been significant.

In contrast to the civilian federal practice regarding charge formalization, the first "formalization" of any charge under military court-martial procedure comes with charge preferral and notification thereof to the accused. *See* R.C.M. 307 and 308. This is so because any person subject to the UCMJ can prefer charges but such preferral does not signal the *Government's* institution of formal charges. Were it not for the express language of R.C.M. 707(a), making notice of preferred charges the lynchpin, it would be doubtful that the Government would institute charges until the convening authority actually refers the case to trial—the act of submitting the case to the court. In the case *sub judice*, charges were not preferred against appellant until 6 February 1985. Command formalization by way of notification to the accused of the preferral of charges did not occur until 19 February 1985. Charges were clearly "not pending" on 4 January 1985, when the appellant was released from pretrial restraint, and were not formally instituted, within the meaning of R.C.M. 707, until notice of preferral was served on the appellant on 19 February 1985.

The second prong of R.C.M. 707(b)(2) requires a finding that the period of release from pretrial confinement was a significant one.

In *United States v. Schesso*, No. 85 2311 (NMCMR 30 December 1985), the accused was apprehended and held in custody incident thereto on 16 October 1984. Appellant was released on 17 October and received notification of the preferral of charges on 15 November 1984. Although the court held that the apprehension did not constitute restraint under R.C.M. 304, it also noted that the appellant's release for some twenty-nine days was a significant period of freedom during which no charge was pending and, that the Government's accountability did not commence until 15 November 1984.

In *United States v. Amat*, No. 85 1709 (NMCMR 23 December 1985), this Court, affirming on other grounds, agreed with the ruling of the trial military judge that a period of 65 days constituted a significant period within the meaning of R.C.M. 707(b)(2).

■ In this case a period of 47 days separated release from pretrial restraint on 4 January 1985, and notice of preferral of charges on 19 February 1985. We hold that in the circumstances of this case the 47 day release period was a significant period within the meaning of R.C.M. 707(b)(2). Appellant failed to establish prejudice as a result of the timing of preferral charges. Appellant presented no evidence of any improper motive on the part of the Government in the timing of the release and preferral of charges. Rather, the evidence clearly established that preferral of charges was postponed pending receipt of medical reports on the severity and permanence of the injuries inflicted on Private HOPSON.

■ The application of R.C.M. 707 does not render an accused without remedy for periods of pretrial confinement during which no charges are pending or for denials of speedy trial not otherwise covered by R.C.M. 707. Indeed, delay and/or confinement prior to preferral of charges may give rise to claims under the UCMJ, Article 10, 10 U.S.C. § 810, the applicable statute of limitations or a denial of speedy trial of constitutional dimension. As the appellant did not show that the *Barker v. Wingo*,[2] balancing factors favored him, or that he was prejudiced by the pretrial restraint and ultimate date upon which charges were preferred or on which he was tried, he has not sustained his burden under these claims.

We noted that the speedy trial clock began to run in this case on 19 February

---

**2.** 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Constitutional dimension speedy trial issues require a balancing of the length of delay, reasons for prosecution delay, whether the right to speedy trial was invoked and prejudice to the accused.

1985. This being the case, appellant's trial clearly satisfied the time requirements of R.C.M. 707. Accordingly, the findings of guilty and sentence, as approved on review below, are affirmed.

Judge GLADIS and Judge CASSEL concur.