**UNITED STATES, Appellant**

**v.**

**Major Joseph E. MINICLIER, Military Judge, Appellee.**

**Major Glenn P. Johnson, Real Party in Interest**

**CMR DKT. No. 86A–03.**

U.S. Air Force Court of Military Review.

Feb. 12, 1987.

Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Major David F.

Barton, and Major Donald A. Plude for the appellant.

Colonel Leo L. Sergi, Major Charles E. Ambrose, Jr., Phillip Paul Weidner and Phillip E. Benson for the appellee.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

## DECISION

FORAY, Senior Judge:.

At his trial by general court-martial,[1] immediately after the arraignment, the accused successfully moved to have all charges against him dismissed by the military judge for lack of a speedy trial pursuant to R.C.M. 707. Upon appeal taken by the United States in accordance with the provisions of Article 62(a)(1), U.C.M.J., 10 U.S.C. § 862(a)(1) and R.C.M. 908, we are asked to rule upon the correctness of the military judge's ruling dismissing the charges.

■ The events which will provide the background for our resolution of the question before us began on 28 April 1986. On that date, the charges in question were preferred against the accused by his commander. Also on that date, the charges were received in the office of the officer exercising summary court-martial jurisdiction in the command of which the accused is a member.[2] On 2 May, the charges against the accused were investigated pursuant to Article 32, U.C.M.J. The report of the investigation was completed on 6 May, and subsequently forwarded to the officer exercising general court-martial jurisdiction over the accused. On 13 May, the accused tendered his resignation for the

good of the service because of the conduct which rendered him triable by court-martial, in accordance with the terms of Air Force Regulation (A.F.R.) 36–12 (1 October 1984), Administrative Separation of Commissioned Officers, Chapter 2, Section D, to be effective as soon as possible. The accused's tender of resignation was forwarded to the Commander, Alaskan Air Command, on 28 May, who then, on 13 June, forwarded the tender, along with his recommendation that it be denied, to the Secretary of the Air Force. A legal review of the tender of resignation was performed for the Secretary in the office of The Judge Advocate General which was completed on 22 July, and forwarded to the Secretary's Personnel Council on 28 July.[3] On 8 August, the Personnel Council received a request from an aide to a United States Senator to have that body delay forwarding the accused's tender of resignation to the Secretary pending receipt of a letter regarding the case which was to be submitted by the senator.[4] On 15 August, the senator requested that the tender of resignation be reviewed by the Air Force General Counsel. The request was granted and the general counsel's review completed on 27 August. The results of the review were telephonically transmitted to the senator on 15 September, who then, on or about 17 September, requested that the accused's tender of resignation be personally reviewed by the Secretary of the Air Force. On 29 September, the Secretary declined to accept the tender of resignation. The accused was served a copy of the charges against him on 1 October, and, at that same time, a trial date of 7 October, was established. Thus, a total of 162 days were consumed after the charges were preferred against the ac-

1. The accused was charged with the offenses of making a false official statement and larceny, in violation of Articles 107 and 121, U.C.M.J., 10 U.S.C. §§ 907, 921, respectively.

2. On 28 April 1986, the accused, an orthopedic surgeon, had his clinic privileges suspended, precluding his practice of medicine within the Air Force, and was ordered not to engage in any off duty employment, medical or otherwise, with or without compensation, precluding his practice of medicine in the civilian community.

3. The accused was involuntarily extended beyond his date of separation on 4 July pursuant to A.F.R. 36–12, Table 1–3, Note 5.

4. On 7 July, the accused wrote a letter to the senator requesting "... your intercession with the Secretary of the Air Force, Mr. Edward C. Aldridge, asking him to approve my request for separation in lieu of court martial."

cused on 28 April 1986, and before the accused's court-martial was called into session pursuant to Article 39(a), U.C.M.J., 10 U.S.C. § 839(a), by the military judge.[5]

The Rule which was successfully relied on by the accused at trial was R.C.M. 707. R.C.M. 707(a) requires an accused to be brought to trial within 120 days after he or she has been notified of the preferral of charges under R.C.M. 308, or after he or she has been restrained under R.C.M. 304(a)(2)–(4), whichever occurred first. A failure to comply with the Rule mandates dismissal of any affected charges upon timely motion made by the accused. R.C.M. 707(e). However, R.C.M. 707(c) provides for certain periods of time to be excluded when determining whether the period in sub-section (a) of the Rule has expired.

In opposition to the accused's speedy trial motion, trial counsel's expostulation was that any delay in the processing of the case beyond 120 days was because:

> Either this was defense generated delay because [the senator] was acting at the behest and on behalf of the accused. Or secondly, things were delayed for good cause.

His remonstrance was that the time periods beginning with the intervention of the accused's senator[6] was a defense delay granted at the request of the accused allowed under R.C.M. 707(c)(3), or was a period of delay for good cause permitted under R.C.M. 707(c)(8).[7] Trial counsel also alluded to the time from 13 May, the date the accused tendered his resignation, as a period of delay contemplated by either R.C.M. 707(c)(3) or R.C.M. 707(c)(8).

After arguments of trial and defense counsel were completed, the military judge made certain findings of fact and conclusions. His factual findings were consistent with those facts we have previously set forth in this opinion. His conclusions were as follows:

1. No defense delay, neither express nor implied, occurred.

2. The processing of a request for separation in lieu of trial is not an extraordinary circumstance envisioned by R.C.M. 707(c)(8).

3. The 162 days since the preferral and notification of the accused concerning these charges is wholly attributable to the government.[8]

4. The government has failed to meet its burden under R.C.M. 707.

5. The accused has suffered further prejudice by being denied the ability to practice his profession since 28 April 1986, and being involuntarily extended on active duty since 4 July 1986.

The military judge then granted the accused's motion to dismiss the charges and specifications and ordered them dismissed.

I

During the pendency of this appeal, appellate government counsel had moved for leave to file a corrected page and documents which we grant. The purpose of the motion was to show the government's appeal was taken in a timely manner and was in compliance with Article 62, U.C.M.J., and R.C.M. 908(b). The document purporting to be the notice of appeal in this case is sufficiently in compliance with the statutory and manual provisions.

On appeal, the government contends the military judge at trial erred in two respects. First, they say, he was wrong

5. An accused is brought to trial within the meaning of R.C.M. 707(b)(3), when a plea of guilty is entered to an offense, or evidence on the merits is presented to the factfinder.

6. This intervention occurred on the 102d day after charges were preferred on this case.

7. These time periods, according to trial counsel, should have been excluded when determining whether the period in 707(a) had run.

8. Only 155 days expired between the date of preferral of charges and the date the accused was served with a copy of the charges against him. The 162 days which expired were from the date of preferral up to and including the date of the Article 39(a), U.C.M.J. session.

when he concluded that the accused's tender of resignation was not an expressed or implied consent to a delay in processing of his court-martial. R.C.M. 707(c)(3). Second, they continue, the military judge was wrong when he concluded that R.C.M. 707(c)(8) required an extraordinary circumstance before that subsection could be used as a basis for excluding a period of time from speedy trial accountability for a good cause shown.

■ R.C.M. 707 is meant to protect the speedy trial rights of an accused under the Sixth Amendment of the Constitution of the United States and to encourage protection of the interests of command and society in the prompt administration of military justice. R.C.M. 707, Appendix 21, Analysis. When the defense moves, at trial, to dismiss for lack of speedy trial under the Rule, the government has the burden of persuasion to justify why the accused was not brought to trial within 120 days. *United ed States v. Burris*, 21 M.J. 140 (C.M.A. 1985). In this case, we find that the government failed in its attempt to justify the delay in bringing the accused to trial beyond 120 days. We hold that the accused's tender of resignation for the good of the service was not an expressed or implied consent to or request for a delay under R.C.M. 707(c)(3). We also hold that a delay for good cause under R.C.M. 707(c)(8), must result from an unusual or extraordinary circumstance. Therefore, the military judge was correct when he ruled the accused was denied his right to a speedy trial when he dismissed the charges against him.

■ Under A.F.R. 36-12, Chapter 2, the accused had a right to apply for separation for the good of the service. When he did so, he expressly stated, in writing, that he desired his separation to be as soon as possible.[9] He also, at that time, expressly acknowledged an understanding that his court-martial case could go to trial while the separation action was pending Secretarial action and that he could not withdraw his tender of resignation without approval of the Secretary or his designee. At no time during the pendency of separation action did the accused petition the military judge for a continuation of his court-martial case pending completion of the separation action. R.C.M. 906(b)(1); A.F.R. 111-1, paragraph 3-14. In effect, when he tendered his resignation on 13 May, he could not exercise any dominion or control over it save withdrawing it with the Secretarial approval previously mentioned. The primary responsibility for processing the tender of resignation rested entirely with the government. Nothing the accused did could be interpreted as an expressed or implied request for or consent to a continuance of the court-martial proceeding against him. We agree with our counterparts on the Navy-Marine Corps Court of Military Review when they said in *United States v. Harris*, 20 M.J. 795 (N.M.C.M.R. 1985):

> It has long been recognized that any delay caused by an accused's request for administrative discharge is not a defense generated delay. *See United States v. Fernandez*, 48 C.M.R. 460 (NCMR 1974). The rationale, that requests for administrative discharge in lieu of court-martial are a "normal incident" of pretrial military justice, appears equally applicable to pretrial agreement negotiations.

*See United States v. O'Brien*, 22 U.S.C. M.A. 557, 48 C.M.R. 42 (1973); *United States v. Fernandez, supra.*

Appellate government counsel contend that *O'Brien, Fernandez,* and *Harris* are clearly inapposite to the case before us. The cited cases, they claim, deal with requests for discharges in lieu of courts-martial submitted by enlisted members while this case deals with an officer. An enlisted member's request for discharge[10] can be

---

9. On 7 July, the accused, in the letter to his congressman, asked him to intercede with the Secretary of the Air Force and do "whatever is needed to expedite my request" for discharge.

10. An enlisted member may submit an application to withdraw a request for discharge to the general court-martial convening authority at any time before discharge orders are issued. A.F.R. 39-10, paragraph 4-10.

approved by the officer exercising general court-martial jurisdiction over him or her, whereas an officer's request for discharge must be approved or disapproved by the Secretary of the Air Force or his designee. See Air Force Regulation 39–10, Administrative Separation of Airman (1 October 1984), Chapter 4; A.F.R. 36–12, paragraph 2–3. This difference between the processing of an enlisted member's request for discharge and an officer's request, they say, removes the general court-martial convening authority from controlling the normal process of pretrial military justice, in the case of an officer, thus, making *O'Brien, Fernandez,* and *Harris* inapplicable here. We disagree. The fact that the accused in this case is an officer does not result in his request for discharge being removed from being considered as one of the normal incidents of pretrial military justice. It was the government which was imposed with the responsibility of processing the accused's request for discharge in an expeditious manner and not the accused. Every official and agency involved with the processing of the accused's request knew or should have known of the critical relationship between the accused's right to submit the request for discharge and his speedy trial right. Here, under the provisions of A.F.R. 36–12, paragraph 2–22, the general court-martial convening authority could have requested that the accused's trial proceed, even though a final decision on his request for discharge had not been made, when it appeared to him that a speedy trial issue under provisions R.C.M. 707 was looming. This regulatory provision states:

> If formal charges have been preferred prior to final decision on a tender of resignation under table 2–8, the trial ordinarily should be postponed pending final action on resignation. If, *for any reason,* it is determined that trial should proceed before notification of final action, obtain prior authorization from HQ, USAF/JAJM,.... Direct communication by the quickest means is authorized. (Emphasis added).

For the reasons stated, we do not find the accused's tender of resignation nor the subsequent intervention of his senator in an attempt to expedite the Secretarial decision concerning the tender to be either an expressed or implied request for or consent to a delay in the court-martial trial of the accused under R.C.M. 707(c)(3).

■ We also disagree with appellate government's second assertion that the military judge was wrong in concluding that R.C.M. 707(c)(8) required an extraordinary circumstance before that subsection could be used as a basis for excluding a period of time from speedy trial accountability for a good cause shown. They urged that the mere submission of the tender of resignation by the accused and the subsequent intervention into the case by a senator at the accused's behest was sufficient "good cause" to exclude a substantial portion of the time involved here from the government's accountability.

R.C.M. 707(c)(8) would allow an exclusion for, when determining whether the period in subsection (a) of the Rule has run—

> Any other period of delay for good cause, including unusual operational requirements and military exigencies.

We find, as did the Navy-Marine Court of Military Review did in *United States v. Kuelker,* 20 M.J. 715 (N.M.C.M.R.1985), that the types of delays "for good cause" contemplated by this subsection of the Rule are well-defined by the illustrations set forth in the rule, *i.e., "unusual* operational requirements and military *exigencies."* (Emphasis added). That Court went on to say:

> The plain meaning of these terms is an extraordinary situation, rather than the normal difficulties encountered by the Government in preparing for trial. A lesser standard could allow the exception to devour the rule.

■ We find nothing extraordinary in any delays resulting from an accused exercising his right to tender his resignation in lieu of trial or from the intervention of his congressman seeking to expedite a Secretarial decision regarding that tender of res-

ignation. These actions are best described as normal incidents of military practice. *United States v. Kuelker, supra; United States v. Harris,* 20 M.J. 795 (N.M.C.M.R. 1985).

Accordingly, the Government appeal of the ruling of the military judge dismissing all charges and specifications is denied.

Chief Judge HODGSON and Judge HOLTE, concur.