**UNITED STATES**

v.

**Staff Sergeant Russ V. PALUMBO, FR 535–46–8077 United States Air Force.**

**ACM 25628.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 18 July 1986.

Decided 11 March 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi, Lieutenant Colonel Patrick C. Sweeney and Captain John V. Sullivan, USAFR.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and 1Lt Durward E. Timmons, USAFR.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

## DECISION

MICHALSKI, Judge:

The appellant argues that he was denied his right to a speedy trial because the government was unreasonable in spending 45 days on his command initiated psychiatric examination after conditions on his liberty were imposed by his commander. R.C.M. 707 and 304. We disagree and affirm.

On 29 January 1986 an OSI investigation was initiated into allegations that the appellant sexually abused his 12 year old stepdaughter. On 31 January 1986, as a result of this investigation, the appellant's commander ordered him out of assigned family quarters, confiscated his house keys and restricted him from any contact with his family except through his commander or first sergeant. The appellant never complained about these restraints.

At trial the appellant moved to dismiss the charges because he was not brought to trial within 120 days after conditions on his liberty were imposed. R.C.M. 707 and 304. The trial judge denied the motion and made findings of fact and conclusions which we summarize below:

31 January 1986  Conditions on liberty imposed.

7 March 1986  Commander requested psychiatric evaluation.

14 March 1986  Intake interview at Vandenberg Mental Health Clinic.

20 March to 14 April 1986  Tests administered. Sometime during this period the commander discussed the evaluation with the clinical social worker and subsequently requested the status of the case from the psychiatrist.

21 April 1986  Psychiatric evaluation completed.

22 April 1986  Charges preferred.

19 May 1986  Art. 32 investigation, two day delay attributable to the defense.

12 June 1986  Charges referred.

25 June 1986  This initial trial date was moved to 16 July 1986 at the request of the defense. 166 days elapsed from the imposition of conditions on liberty until 16 July 1986, the day of trial. The two defense delays totalled 23 days. 45 days were involved in the mental health evaluation.

■ CONCLUSIONS:

a) The defense delays of 23 days are excludable under R.C.M. 707(c)(3).

b) The mental examination time of 45 days is excludable under R.C.M. 707(c)(1)(A).

c) The government did not act unreasonably from 20 March 1986 to 14 April 1986, a period of 25 days because the then available health care providers could not at that time provide the type of long term commitment that a case of this complexity required.[1]

d) The test is not whether the report could have been done sooner but whether it was done reasonably.

R.C.M. 707(c)(1)(A) explicitly provides that "(a)ny periods of delay resulting from ... any examination into the mental capacity of an accused" shall be excluded in determining whether the 120 day speedy trial rule has run. This language is clear and unambiguous. The operative phrase, "Any periods of delay" leaves no doubt as to its meaning. The basic rule of statutory construction is that words of a statute are interpreted in their ordinary way and given the meaning commonly attributed to them. *Jones v. Liberty Glass Co.*, 332 U.S. 524, 68 S.Ct. 229, 92 L.Ed. 142 (1947); *Rosenman v. United States*, 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535 (1945). "The rule is well settled that a plain and unambiguous statute is to be applied, not interpreted." *United States v. Davis*, 12 U.S.C.M.A. 576,

---

1. The health care providers referred to by the trial judge were two individuals at the Vandenberg Mental Health Clinic, one of whom was imminently separating from the Air Force, and the other's immediate future as a psychiatrist with the Air Force was uncertain. They knew the appellant was being treated by a civilian doctor, hence they had no sense of urgency concerning Sgt. Palumbo's problem.

578, 31 C.M.R. 162, 164 (1961) as cited in *United States v. Ware*, 1 M.J. 282 (C.M.A. 1976); *United States v. Graham*, 16 M.J. 460 (C.M.A.1983).

The drafters of the Manual for Courts-Martial state in the guide for the interpretation of the Manual, "Users are reminded, however, that reliance should be placed on the plain words of the rules." M.C.M.1984, Appendix 21, Analysis, para 2. Where a statutory rule is clear, as in this instance, courts should not look for a different meaning. *United States v. Dickenson*, 6 U.S.C. M.A. 438, 449, 20 C.M.R. 154, 165 (1955); *United-States v. Graham, supra.*

The drafters of the Manual carefully selected their terminology, giving due regard to meaning and intent. We note that R.C.M. 707 uses the unqualified phrase, "Any periods of delay" in several different parts of the Rule. The qualifying word "reasonable" is, however, used in only two places i.e., R.C.M. 707(c)(7) relating to joint trials and discussion (this last reference speaks of "reasonable delays for examination into the mental capacity or responsibility ... of an accused *in arrest or confinement.*" (Emphasis added). We fail to see anything in the record of trial that would warrant our rejection of the plain meaning and intent of the phrase "any periods of delay" as used R.C.M. 707.

We therefore conclude that the total of 45 days involved in the mental examination does not count on the 120 day clock. *United States v. Jones*, 22 M.J. 515 (N.M. C.M.R.1985). After subtracting the 23 days of defense delays from the 166 days elapsed from the imposition of conditions on liberty, 143 days remain. Forty-five days for the mental evaluation deducted from that figure demonstrates that the trial began on the 98th day of pre-trial restraint, thus meeting the requirement of R.C.M. 707.

The findings of guilty and the sentence are

AFFIRMED.