UNITED STATES, Appellant,

v.

Nicky M. HIGGINS, Captain U.S. Air Force, Appellee.

No. 58,190.

ACM 25839.

U.S. Court of Military Appeals.

Oct. 17, 1988.

For Appellant: *Captain Jeffrey H. Curtis* (argued); *Colonel Joe R. Lamport,* *Lieutenant Colonel Robert E. Giovagnoni, Captain Marc Van Nuys* (on brief).

For Appellee: *Major Frank J. Spinner* (argued); *Colonel Leo L. Sergi* (on brief).

## Opinion of the Court

SULLIVAN, Judge:

On December 8–9, 1986, the accused was tried by general court-martial with members at Goodfellow Air Force Base, Texas. Pursuant to his pleas, he was found guilty of twice violating lawful commands from his superior officers, wrongfully using Meperidine (commonly known as Demerol), and committing larceny, in violation of Articles 90, 112a, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 912a, and 921, respectively. He was sentenced to dismissal, total forfeitures and a $5,000 fine. After the convening authority approved the sentence except for the fine, the Court of Military Review, on June 4, 1987, set aside the findings of guilty and the sentence and dismissed the charges against him.

On July 1, 1987, the Judge Advocate General of the Air Force, pursuant to Article 67(b)(2), UCMJ, 10 U.S.C. § 867(b)(2), requested that we review the decision of the Court of Military Review. He certified for review the following issues:

I

WHETHER THE AIR FORCE COURT OF MILITARY REVIEW ERRED AS A MATTER OF LAW IN DISMISSING ALL CHARGES UNDER R.C.M. 707(a) BY HOLDING THAT THE ACCUSED'S REQUEST FOR RESIGNATION IN LIEU OF COURT–MARTIAL DID NOT CONSTITUTE A DELAY AT THE REQUEST OR WITH THE CONSENT OF THE DEFENSE UNDER R.C.M. 707(c)(3).

II

IF THE ANSWER TO ISSUE I IS IN THE NEGATIVE, WHETHER THE AIR

FORCE COURT OF MILITARY RE-VIEW ERRED AS A MATTER OF LAW IN DISMISSING ALL CHARGES UNDER R.C.M. 707(a) BY HOLDING THAT THE TIME PERIOD REQUIRED TO PROCESS THE ACCUSED'S TENDER OF RESIGNATION WAS NOT EXCLUDABLE FROM GOVERNMENT ACCOUNTABILITY UNDER R.C.M. 707(a) AS DELAY FOR GOOD CAUSE PURSUANT TO R.C.M. 707(c)(8).

We conclude that the delay occasioned by the accused's tender of his resignation which occurred as a result of its processing outside the local command was excludable from government accountability as a delay for good cause within the meaning of R.C.M. 707(c)(8), Manual for Courts-Martial, United States, 1984.[1]  Cf. *United States v. O'Brien,* 22 U.S.C.M.A. 557, 48 C.M.R. 42 (1973).

The facts of this case are not in dispute. The parties' chronology stipulates the following:

4 June 1986: Charges preferred.

6 June 1986: Article 32 Hearing.

11 June 1986: Accused placed on administrative hold prior to date of separation (original date for separation was 30 June 1986).

20 June 1986: Article 32 Report completed.

24 June 1986: Accused acknowledges receipt of Article 32 report.

3 July 1986: Defense Counsel acknowledges receipt of Article 32 report.

8 July 1986: Defense Counsel requests delay to 11 July 1986 for response to Article 32 report.

11 July 1986: Date on resignation request.

16 July 1986: Resignation request received by 3480 ABG/DPMQS.

5 August 1986: Referral of charges by GCM.

7 August 1986: Defense Counsel requests 4 day delay to submit additional matters in resignation package.

8 August 1986: GTTC/JA review of resignation request.

11 August 1986: SPCM recommends disapproval of resignation request.

13 August 1986: Resignation request forwarded to GCM.

15 August 1986: Charges as referred by GCM are served on the Accused.

29 August 1986: GCM recommends disapproval of resignation request.

17 October 1986: Secretary of the Air Force declines resignation request.

October 1986: Case docketed for trial by JAJT–3 for 27 October 1986.

21 October 1986: Defense counsel requests delay from October 27 until [in addition to another delay—December 8, 1986].

Total elapsed days from date of preferral to date of trial (excluding date of preferral per RCM 707): 187

Total days both parties and Accused agree are accountable as Defense delay: 49 (42 of these days are after the trial setting of 27 October 1986)

The period in dispute is the 108 days between July 11, 1986, and October 27, 1986, during which the accused's request for resignation in lieu of court-martial was being processed.

At trial, the military judge made the following ruling as a result of the defense motion to dismiss based upon R.C.M. 707(e):

I find this entire period of time is accountable to the defense for the following reasons.

First, the resignation provisions contained in Section D, Air Force Regulation 36–12 are designed to allow an accused to seek to avoid trial by courts-martial, a process that could result in a federal court conviction and in some cases, including this one, a punitive discharge, both of which can be detrimental to an

---

1. This provision is now contained in R.C.M. 707(c)(9), Manual for Courts-Martial, United States, 1984 (Ch. 3, effective March 12, 1987).

individual's economic and social future at the very least.

Two, a conviction for theft of a controlled substance for which the accused was allegedly accountable and use · of that controlled substance would undoubtedly result in the withdrawal of the accused's license to practice dentistry while an administrative discharge would not necessarily, and probably would not, have the same result.

Three, the Government acted in accordance with paragraph 2–22, Air Force Regulation 36–12, in postponing the trial until final action on the resignation.

Four, that although the accused is not required to exhaust administrative remedies in criminal cases, administrative remedies such as a request for resignation are available for use by an accused at his or her option. The accused, in this case, voluntarily elected to exercise that option.

Five, the accused did not make a demand for trial during this time despite the passage of his date of separation and withdrawal of his duties of practicing dentistry. The only conclusion that can be drawn from this is that Captain Higgins also appreciated the benefits to his future of an administrative separation from the service rather than proceed to trial where he would expose himself to a federal court conviction and potentially a punitive discharge.

As such, I find that the delay from 16 July 1986 to 17 October 1986 was with the consent of the accused, albeit, not affirmatively expressed, thereby qualifying the period to be excluded in accordance with Rule for Courts-Martial 707(c)(3). To hold otherwise defies logic. I find that processing of the resignation in 94 days is reasonable, particularly in light of the fact that the accused requested a four-day delay in the processing of the resignation from 7 to 11 August 1986 in order to submit additional matters. Even if it were to be held, as suggested by the Navy–Marine Court of Military Review, that processing of a resignation

is not excludable in accordance with Rule of Courts-Martial 707(c)(3), I find the delay from 16 July 1986 to 17 October 1986 was for good cause pursuant to Rule of Courts–Martial 707(c)(8). In so finding, I have concluded that unusual operating requirements and military exigencies were noted in the subsection as illustrative rather than all inclusive based upon the use of the word, including.

Specifically, I find the delay for good cause as to do otherwise would be to the prejudice of the accused in exposing him to the possibility of a federal court conviction and punitive discharge and their attendant negative ramifications.

It should be noted that I am not persuaded by the fact that the accused has been extended on active duty beyond his original date of separation on 30 June 1986 and, has not been allowed to practice dentistry since 11 February 1986. On the contrary, he has continued to be paid as an active duty member of the Air Force and to enjoy all of the benefits associated with that service. No one is guaranteed he or she will be allowed to continue on in his or her desired duty in the Air Force. Rather, Air Force personnel are switched from one job to another for a variety of reasons both positive and negative on a daily basis.

Accordingly, when all applicable exclusions are deducted from the 187 days since preferral of charges in this case, I find the Government has brought this case to trial well within the time constraints of Rule of Courts-Martial 707. Although not specifically suggested by the defense, I have also considered the *Burton* rules, Article 10 of the Uniform Code of Military Justice and the Sixth Amendment.

Since the accused was not in any form of restraint prior to trial, I find the *Burton* rules and Article 10 of the Uniform Code of Military Justice are not applicable.

However, I have considered the Sixth Amendment. There has been a lengthy delay in the bringing of the case to trial. However, all but 47 days of that delay

are attributable to the defense, nor has the accused asserted his right to a speedy trial at any time during the delay. Even though the accused was kept on active duty beyond his date of separation and prohibited from practicing dentistry during the delay, this prejudice is counterbalanced by the fact that 98 days of the delay were caused by delays either specifically or inferentially requested by the accused prior to the setting of a trial date and 42 days were the result of delays requested by the defense thereafter. It is obvious that one who submits a request for resignation realizes that it will have to be processed, a procedure which took some 94 days in this instance. And, again, I find that a period of 94 days is a reasonable time to process a resignation. Furthermore, it is persuasive that the resignation was submitted after the accused's date of separation and he was removed from the practice of dentistry. Accordingly, I find no violation of the Sixth Amendment.

Under the circumstances of this case then, the motion of the defense to dismiss all charges and specifications in accordance with the Rule for Courts-Martial 707 is denied.

----------

We first note that our disposition in this case is not necessarily controlled by the earlier decision of this Court in *United States v. O'Brien*, 22 U.S.C.M.A. 557, 48 C.M.R. 42. There, the question was whether a request for administrative discharge in lieu of trial justified delay under Article 10, UCMJ, 10 U.S.C. § 810, and the decision of this Court in *United States v. Marshall*, 22 U.S.C.M.A. 431, 435, 47 C.M.R. 409, 413 (1973). Moreover, that accused was in pretrial confinement, and his request for administrative discharge was finally acted on at the convening authority level. Here, the question was whether a request for administrative discharge in lieu of trial is good cause for delay under R.C.M. 707(c)(8). Also, the accused was not in pretrial confinement and his request for discharge required processing and action beyond the convening authority level. *See* para. 2–3, Air Force Regulation (AFR) 36–12, *Administrative Separation of Commissioned Officers*, Chapter 2, Section D (Oct. 1, 1984).

R.C.M. 707(c)(8) provides that "[a]ny other period of delay for good cause including unusual operational requirements and military exigencies" is excludable from the 120–day period of R.C.M. 707(a). The drafters of this provision generally stated the exclusions contained in subsection (c) of this rule are "taken from ABA Standards," *Speedy Trial*, "§ 12–2.3 (1978) with modifications to conform to military procedure and terminology." Drafters' Analysis, Manual, *supra* at A21–37.

This ABA standard recommends that a residual power be given to civilian trial judges to deal with unique situations not covered in the earlier stated exceptions to the speedy-trial rule. In this light, a request for discharge processed at the local command level might not be considered a unique situation because it simply is "another incident of the normal processes of military justice." *See United States v. O'Brien*, *supra* at 561, 48 C.M.R. at 46. However, requests required to be processed outside the command are beyond its control and may impede the disposition of the criminal charges at the local level.[2] *E.g., United States v. Woods*, 26 M.J. 372 (C.M.A.1988). Accordingly, we hold that where the request for administrative separation must be acted on outside the local command, and such a requirement results in the discontinuation of criminal prosecution without defense protest, good cause

---

2. We note that paragraph 2–22, AFR 36–12, Chapter 2, Section D, specifically provides:
>2–22. *Trial Pending Action on Application.* If formal charges have been preferred prior to final decision on a tender of resignation under table 2–8, the trial ordinarily should be postponed pending final action on the resig-

nation. If, for any reason, it is determined that trial should proceed before notification of final action, obtain prior authorization from HQ USAF/JAJM, 1900 Half Street, S.W., Washington DC 20324. Direct communication by the quickest means is authorized.

for delay exists within the meaning of R.C.M. 707(c)(8).

The record in this case reflects the fact that the accused's request for administrative separation was processed by the general court-martial authority along with the criminal charges until August 29, 1986. He then denied this request and forwarded it to the Secretary's office. No further steps were taken by the command in the prosecution of this case, and none was requested by the accused. Para. 2–22, AFR 36–12. The parties next stipulated that this resignation request was denied by the Secretary of the Air Force on October 17, 1986. Absent any allegation or showing of government foot-dragging, we find this period of approximately 49 days can be attributed to the defense and its administrative request. Accordingly, the amount of delay attributed to the Government is well under the 120–day limit of R.C.M. 707(a), and we affirm the well-considered decision of the military judge.

The decision of the United States Air Force Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Air Force for submission to that court for further action under Article 66, UCMJ, 10 U.S.C. § 866.

Chief Judge EVERETT and Judge COX concur.