**UNITED STATES**

v.

**Colonel J. Jeremiah MAHONEY, Military Judge, Appellee,**

**Master Sergeant Jeffrey M. Nourse, FR 279–52–5645, Real Party In Interest.**

**COMR No. 89A–01.
Panel No. 1.**

U.S. Air Force Court of Military Review.

25 May 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair, Major Frank J. Spinner and Captain Darla G. Orndorff.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major Carole W. Hanson.

Before HODGSON, HOLTE and PRATT, Appellate Military Judges.

HODGSON, Chief Judge:

After concluding the Government did not meet the speedy trial time constraints imposed by R.C.M. 707(d), the military judge dismissed the charges against the accused. The prosecution challenges this ruling through an appeal under Article 62 of the UCMJ. We reverse the lower court's holding and remand for further proceedings.

The parties have stipulated to the following chronology:

| | |
|---|---|
| 25 October 1988 | Pretrial confinement |
| 26 October 1988 | Preferral of charges |
| 26 October 1988 | Article 32 Investigating Officer appointed |
| 26 October 1988 | Pretrial confinement hearing |
| 27 October 1988 | Pretrial confinement report |
| 9 November 1988 | Defense requests delay of Article 32 until 15 November |
| 10 November 1988 | Article 32 scheduled |
| 11 November 1988 | Defense requests a delay and asks for a Sanity Board |
| 15 November 1988 | JAJM message to USAF/IN for SCI clearance [1] |

| | |
|---|---|
| 15 November 1988 | Article 32 Officer recommends a Sanity Board |
| 17 November 1988 | Sanity Board ordered . |
| 27 December 1988 | Speedy trial request by accused |
| 18 January 1989 | Sanity Board completed |
| 26 January 1989 | Article 32 hearing |
| 14 February 1989 | Message from HQ USAF/IN permitting accused's trial to proceed |
| 21 February 1989 | Article 32 report completed |
| 27 February 1989 | Pretrial advice completed |
| 27 February 1989 | Referral to trial |
| 9 March 1989 | Trial date |

The total elapsed days from the date the accused was placed in pretrial confinement until the case came on for trial was 134 days.

There is a presumption that an accused has been denied a speedy trial when the confinement exceeds 90 days after excluding delays not attributable to the government. *United States v. Burton,* 44 C.M.R. 166 (C.M.A.1971); R.C.M. 707. If there is no lawful reason for delay the speedy trial rule is to be strictly followed. *United States v. Carlisle,* 25 M.J. 426 (C.M.A. 1988). *United States v. Higgins,* ACM 25839, 4 June 1987, *rev'd* 27 M.J. 150 (C.M.A.1988); *United States v. Miniclier, Major Glenn P. Johnson, Real Party in Interest,* 23 M.J. 843 (A.F.C.M.R.1987).

I

In the appeal before us, the Government claims that the trial judge should have excluded the 91 days needed to get Headquarters United States Air Force approval to proceed with the accused's trial. If the Government had not been held accountable for this period the accused would have been brought to trial well within the time specified in R.C.M. 707.

In refusing to exclude the 91 days the trial judge, relying on *United States v. Marshall,* 47 C.M.R. 409 (C.M.A.1973), held that "many Air Force members have SCI clearances [and] it is not uncommon for persons with such clearances to become the subject of court-martial charges." He concluded that the review process by the Assistant Chief of Staff, Intelligence, HQ USAF in SCI clearance cases was not an

---

1. The accused had access to highly sensitive classified information. Permission to try an individual possessing Sensitive Compartmented Information (SCI) must be obtained from Head-

quarters, United States Air Force prior to conducting a pretrial investigation. *See* Air Force Regulation 205–32, *USAF Personnel Security Program,* 26 June 1987, para. 6–3 and 8–22.

"extraordinary circumstance" justifying a delay in processing the case. While *Marshall* strictly applied the 90 day rule, it acknowledged that "serious or complex offenses in which due care requires more that a normal time in marshalling the evidence, or those in which for *reasons beyond the control of the prosecution the processing was necessarily delayed*" may constitute an "extraordinary circumstance." 47 C.M.R. at 412. (Emphasis added.)

In *United States v. Higgins, supra,* we held that the Government *could not* exclude the 49 days that were needed for the Secretary of the Air Force to act on the appellant's resignation in lieu of trial. Since the period between the referral of charges and the trial date was over 120 days, we dismissed the charges. *See* R.C.M. 707. In reversing our decision, the Court of Military Appeals held that cases that require processing "outside the command are beyond its control and may impede the disposition of the criminal charges at the local level." 27 M.J. at 153. It concluded that such delay is excludable under R.C.M. 707(c)(9) as "[a]ny other period of delay for good cause including unusual operational requirements and military exigencies."

 Master Sergeant Nourse argues that the *Higgins* case is distinguishable from his situation because *Higgins* requested an administrative separation whereas he did not. We do not see this as a significant factor. We read *Higgins* as holding that delays occasioned by the need to process the case *outside* the local command are beyond the local command's control and are thus not accountable. Whether to proceed with the accused's trial was a national security policy decision made at the highest level of the Air Force and beyond the control of the local commander and is not "another incident of the *normal processes* of military justice." *United States v. O'Brien,* 22 U.S.C.M.A. 557, 561, 48 C.M.R. 42, 46 (1973). (Emphasis added.) Since there is no indication the Government was "dragging its feet" in obtaining the necessary clearance, the period of delay was reasonable and not accountable to the Government. Therefore, we hold, as a matter of law, the 91 days required to obtain approval outside the local command to try the accused was excludable under R.C.M. 707(c)(9), and the military judge was incorrect in ruling otherwise.

II

R.C.M. 707(c)(1)(A) excludes from the speedy trial requirement any period of delay resulting from an "examination into the mental capacity or responsibility of the accused." Here the mental examination took 68 days, but the trial judge concluded that the process could have reasonably been accomplished in no more than 30 days. Therefore, he held the government responsible for the additional 38 days. Had the entire period been excluded, the speedy trial rule of R.C.M. 707(e) would not have been invoked.

 In his Memorandum of Decision the trial judge was critical of the way the request for a sanity board was processed and identified numerous ways he felt the mental examination could have been expedited. For example, he determined the psychiatrist could have examined the accused on consecutive days rather than having appointments scheduled a week apart so as to not disrupt appointments with other patients. He also questioned the appropriateness of the psychiatrist taking 11 days of leave during the Christmas holiday. Additionally, he concluded that 13 days were lost when the Chairman of the Psychiatry Department at Eglin Air Force Base hospital elected to convene a three member sanity board as opposed to a one-member board. It is clear to us that convening a three member panel rather than a one member panel is a medical decision that is not generally subject to judicial review. *See* Air Force Regulation 160–42, *Psychiatry in Military Law,* para. 1–2 (25 September 1981). The trial judge also implied that, since there were four psychiatrists assigned to the Eglin hospital, the assignment of one less busy than the examining doctor might have speeded the process. The examining psychiatrist testified he was busy and had other patients. He also stat-

ed the accused was his patient prior to the sanity board request, and he, as his psychiatrist, was familiar with his medical history. It was because of this that he was selected to continue with the accused. He acknowledged that this was his first involvement with a sanity board and he took longer to submit his findings than he might on a subsequent board. He wanted to think about them and make sure they were complete.

 We must, of course, defer to the trial judge's determination of fact unless it is unsupported by the evidence of record or was clearly erroneous. *United States v. Burris,* 21 M.J. 140 (C.M.A.1985). In retrospect, any procedural process can be examined with a critical eye and with a view to identify ways to speed it up. Military due process requires that an accused be tried expeditiously, but in balance with his right to prepare for trial. An individual in pretrial confinement is to be tried within 90 days after periods of delays attributable to him are excluded. The time required for a mental examination is one such exclusion. Here the trial judge determined that the mental examination could have been accomplished faster. However, the standard is not whether it could have been done sooner, but whether the time it did take was reasonable.

 Many of the justifications by the trial judge that the accused's mental examination took too long were based on unre-

butted medical decisions. For this reason, there is no evidence in the record to support his factual determination that the period beyond the excluded 30 days was unreasonable. We laud the military judge's desire to insure that the speedy trial requirements of R.C.M. 707 are met so that accuseds do not languish in confinement awaiting trial. However, we find that 68 days was a reasonable period to accomplish a mental examination, and the trial judge erred in excluding only 30 days. *See United States v. Colon–Angueira,* 16 M.J. 20 (C.M.A.1983) (government not accountable for a 51 day period of psychiatric evaluation); *United States v. Palumbo,* 24 M.J. 512 (A.F.C.M.R.1987), *pet. denied* 25 M.J. 251 (C.M.A.1987) (45 days not unreasonable); *United States v. Ivester,* 22 M.J. 933 (N.M.C.M.R.1986) (85 days not excessive); *United States v. Hirsch,* 26 M.J. 800 (A.C.M.R.1988) (102 days properly excluded); *United States v. Scott,* 784 F.2d 787 (7th C.A.1986) (seven months not unreasonable). The case is remanded to the military judge for further proceedings not inconsistent with this opinion.

Judges HOLTE and PRATT concur.